**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LM GENERAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| BRENDA JAKUBCZAK, MICHAEL JAKUBCZAK, DONNA LEWIS, and G.P.J., a minor child, | ) ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff LM General Insurance Company, by and through its attorneys of record, seeks a declaration, pursuant to 28 U.S.C. § 2201, that there is no underinsured motorist coverage under insurance policies issued by Plaintiff to defendants Brenda and Michael Jakubczak and Donna Lewis for all defendants' claims with respect to the death of Samuel Jakubczak in a collision involving a motorcycle that he owned, but for which underinsured motorist coverage was not obtained, and further states and alleges:

**PARTIES**

1. Plaintiff LM General Insurance Company is an insurance company incorporated and existing under the laws of the state of Illinois, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts. LM General Insurance Company is, accordingly, a citizen of Illinois and Massachusetts.

2. Defendant Brenda Jakubzcak is, upon information and belief, a resident of Troy, Lincoln County, Missouri, and is a citizen of the State of Missouri.

3. Defendant Michael Jakubzcak is, upon information and belief, a resident of Troy, Lincoln County, Missouri, and is a citizen of the State of Missouri.

4. Defendant Donna Lewis is, upon information and belief, a resident of Troy, Lincoln County, Missouri, and is a citizen of the State of Missouri.

5. Defendant G.P.J. is, upon information and belief, a resident of Troy, Lincoln County, Missouri, and is a citizen of the State of Missouri. G.J. is a minor child and, upon information and belief, the surviving child of Samuel Jakubczak.

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, because this dispute is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to this dispute occurred in this District.

8. This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201.

## FACTUAL ALLEGATIONS

9. On July 3, 2020, at or about 8:00 a.m., Samuel Jakubczak was involved in an auto accident while operating a motorcycle on Rte. J in Lincoln County, Missouri.

10. Samuel Jakubczak died of the injuries he sustained in that accident.

11. Samuel Jakubczak collided with a motor vehicle operated by Lauren Boone.

12. Upon information and belief, Lauren Boone's auto liability insurer has tendered the $100,000 liability limit of her auto policy to the defendants.

13. Defendants subsequently made a claim upon Plaintiff to recover underinsured motorist ("UIM") coverage with respect to the death of Samuel Jakubczak.

14. Upon information and belief, Brenda and Michael Jakubcak are the natural parents of Samuel Jakubczak.

15. Upon information and belief, Donna Lewis is the natural grandmother of Samuel Jakubczak.

16. Upon information and belief, G.J. is alleged to be the biological child of Samuel Jakubczak, born after his death.

17. At the time of the collision, Samuel Jakubczak was operating a motorcycle, a 2019 Kawasaki ZX 636 Ninja, with VIN number JKBVXJH14KA002715.

18. Affixed to the motorcycle operated by Jakubczak at the time of the accident was a Missouri license plate, number ED8AJ.

19. That license plate is associated with a different motorcycle, a 2018 Kawasaki Ninja with VIN JKAEXEJ1XJDA02464.

20. Upon information and belief, on or about April 20, 2020, Samuel Jakubczak sold this 2018 Kawasaki Ninja motorcycle to a dealership, as a trade-in, and purchased the 2019 Kawasaki Ninja that he was operating at the time of the subject collision.

21. The 2018 Kawasaki Ninja referenced above was sold to an unrelated buyer and title to it was registered with the Missouri Department of Revenue.

22. Upon information and belief, Samuel Jakubczak affixed the license plate associated with the 2018 Kawasaki Ninja to his newly-purchased 2019 Kawasaki Ninja

3

at some point in time after he purchased it on April 20, 2020 and before the collision on July 3, 2020.

23. Samuel Jakubczak had not registered title to the 2019 Kawasaki Ninja at the time of his death.

24. Between April 20, 2020 and July 3, 2020, Missouri was impacted by the COVID-19 pandemic, which led to closures and by-appointment-only limited operational status of Missouri Department of Revenue motor vehicle titling offices.

25. Upon information and belief, Samuel Jakubczak was issued a Bill of Sale and Manufacturer's Statement of Origin at the time of his purchase of the 2019 Kawasaki Ninja.

26. Samuel Jakubczak owned the 2019 Kawasaki Ninja that he was operating at the time of the subject collision.

27. Neither the 2019 Kawasaki Ninja involved in the collision, nor the 2018 Kawasaki Ninja that Samuel Jakubczak had previously owned, were insured for UIM coverage under either of the insurance policies herein at issue.

28. Plaintiff LM General Insurance Company issued an auto policy to Brenda and Michael Jakubczak, Policy No. AOS-248-520230-40 0 0, policy period 05/23/2020-05/23/2021, in Troy, Lincoln County, Missouri (the "Jakubczak Policy").  *See* Policy, **Exhibit 1** hereto.

29. The Jakubzak Policy insures two vehicles, a 1996 Ford F-250 and a 2005 GMC Yukon.

30. The Jakubzak Policy lists the insured drivers under the policy as Brenda and Michael Jakubczak.

4

31. The Jakubzak Policy has UIM coverage in the amount of $250,000 per person and $500,000 per accident.

32. The Jakubzak Policy does not identify a Kawasaki Ninja motorcycle as being insured under the policy.

33. Plaintiff LM General Insurance Corporation issued an auto policy to Donna Lewis, Policy No. AO5-243-426917-40 0 7, policy period 05/23/2020-05/23/2021, in Troy, Lincoln County, Missouri (the "Lewis Policy").  *See* Policy, **Exhibit 2** hereto.

34. The Lewis Policy insures a single vehicle, a 2016 GMC Yukon.

35. The Lewis Policy lists the insured drivers under the policy as Brenda and Michael Jakubczak.

36. The Lewis Policy has UIM coverage in the amount of $250,000 per person and $500,000 per accident.

37. The Lewis Policy does not identify a Kawasaki Ninja motorcycle as being insured under the policy.

38. Upon information and belief, another insurer issued an automobile insurance policy to Samuel Jakubzak, affording coverage for the 2018 Kawasaki Ninja and/or the 2019 Kawasaki Ninja.

39. Plaintiff is without sufficient information to allege whether the insurance policy issued to Samuel Jakubzak afforded UIM coverage.

40. Defendants Brenda and Michael Jakubczak have made demand upon Plaintiff to pay $250,000, as and for UIM coverage, to them as a result of the death of Samuel Jakubzak.

41. Defendant Donna Lewis has made demand upon Plaintiff to pay $250,000, as and for UIM coverage, to her as a result of the death of Samuel Jakubzak.

42. Defendant G.J., by and through her attorney and her natural mother, has made demand upon Plaintiff to pay $250,000, as and for UIM coverage, to her as a result of the death of Samuel Jakubzak.

43. The amount in controversy therefore exceeds $75,000, exclusive of costs and interest.

44. As set forth more fully below, there is no UIM coverage afforded under either the Jakubzak Policy or the Lewis Policy for this collision.

45. Accordingly, a real and present case and controversy is presented.

## THE POLICIES

46. The Jakubczak Policy's Declarations, under "Vehicles Covered by Your Auto Policy," identifies a 1996 Ford F-250, VIN 1FTHX26G0TEA26524, and a 2005 GMC Yukon, VIN 1GKFK66U25J148383. Jakubczak Policy, **Exhibit 1**, at Policy Declarations p. 1 of 4.

47. The Jakubczak Policy's Declarations do not list the 2019 Kawasaki Ninja motorcycle that was the vehicle being operated by Samuel Jakubczak at the time of the accident.

48. The Lewis Policy's Declarations, under "Vehicles Covered by Your Auto Policy," identifies a single vehicle, a 2016 GMC Yukon, VIN 1GKS2BKC8GR164614. Lewis Policy, **Exhibit 2**, at Policy Declarations p. 1 of 4.

49. The Lewis Policy's Declarations do not list the 2019 Kawasaki Ninja motorcycle that was the vehicle being operated by Samuel Jakubczak at the time of the accident.

6

50. Both the Jakubczak Policy and the Lewis Policy have identical policy language with respect to UIM coverage.

51. Both policies provide, with respect to UIM coverage:

INSURING AGREEMENT

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

    1. Sustained by an "insured"; and

    2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".

*See* Exhibits 1 and 2, Underinsured Motorist Coverage Endorsement, Form AS 3873 10 16.

52. Both policies define "underinsured motor vehicle":

"Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

*See* Exhibits 1 and 2, Underinsured Motorist Coverage Endorsement, Form AS 3873 10 16 and Amendment of Policy Provisions – Missouri endorsement, Form AS 3750 07 17.

53. Both policies afford UIM coverage only for an "insured."

54. "Insured" is defined by the policies' UIM coverage endorsement:

B. "Insured" as used in this endorsement means:

    1. You or any "family member".

    . . .

7

> 3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. Or 2. above.

55. Both policies define "you":

> A. Throughout this policy, "you" and "your" refer to:
>
> 1. The "named insured" shown in the Declarations; and
>
> 2. The spouse if a resident of the same household.

*See* Exhibits 1 and 2, Auto Policy, Definitions, p. 1 of 13.

56. Samuel Jakubczak is not the named insured shown in the Declarations of either the Jakubczak Policy or the Lewis Policy.

57. Samuel Jakubczak is not the spouse of Brenda Jakubczak, Michael Jakubczak, or Donna Lewis.

58. Accordingly, Samuel Jakubczak is not "you" within the meaning of the UIM coverage of the policies.

59. Both policies define "family member" as follows:

> F. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

*See* Exhibits 1 and 2, Auto Policy, Definitions, p. 1 of 13.

60. Samuel Jakubczak is related by blood or marriage to Brenda and Michael Jakubczak.

61. Samuel Jakubczak is related by blood or marriage to Donna Lewis.

62. Samuel Jakubczak resided in the same home as Brenda Jakubczak, Michael Jakubczak, and Donna Lewis, namely 427 Highway H, Troy, Lincoln County, Missouri, at the time of the accident that resulted in his death.

63. Accordingly, Samuel Jakubczak is a "family member" of named insureds Brenda and Michael Jakubczak and Donna Lewis under each policy, as he is related to each of them by blood or marriage and resided in their household.

64. Samuel Jakubczak is, therefore, an "insured" for purposes of the UIM coverage of the two policies.

65. Both policies contain an exclusion from UIM coverage for bodily injury sustained by an insured while operating an owned vehicle that is not insured for UIM coverage:

> EXCLUSIONS
>
> A. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:
>
>   . . .
>
>   2. By an "insured" while "occupying", or when struck by, any motor vehicle owned by that "insured" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

Underinsured Motorist Coverage Endorsement, Form AS 3873 10 16.

66. Defendants' claims arise on account of bodily injury sustained by Samuel Jakubczak.

67. Samuel Jakubczak is an "insured" for purposes of the UIM coverage under both policies.

68. The policies both define "occupying" as:

> G." Occupying" means in, upon, getting in, on, out or off.

*See* Exhibits 1 and 2, Auto Policy, Definitions, p. 1 of 13.

69. At the time of his injuries, Samuel Jakubczak was occupying a motorcycle owned by him which is not insured for UIM coverage under either the Jakubczak Policy or the Lewis Policy.

**COUNT I – DECLARATION THAT THE AUTO POLICY AFFORDS NO COVERAGE BECAUSE UNDERINSURED MOTORIST COVERAGE IS EXCLUDED.**

70. Plaintiff realleges and incorporates by reference paragraphs 1-69.

71. At the time of his injuries, Samuel Jakubczak was occupying a motorcycle owned by him which is not insured for UIM coverage under either the Jakubczak Policy or the Lewis Policy.

72. Accordingly, both the Jakubczak Policy and the Lewis Policy exclude UIM coverage for claims arising out of the bodily injury to Samuel Jakubczak.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff LM General Insurance Company requests that the Court enter its judgment declaring that neither the Jakubczak Policy nor the Lewis Policy affords underinsured motorist coverage for the claims of defendants by virtue of exclusionary language in the policies.

BAKER STERCHI COWDEN & RICE, L.L.C.

 /s/  Angela M. Clark
Angela M. Clark           MO# 52159
John L. Kellogg           MO# 46533
2400 Pershing Road, Suite 500
Kansas City, MO  64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
aclark@bscr-law.com
jkellogg@bscr-law.com
ATTORNEYS FOR PLAINTIFF
LM GENERAL INSURANCE COMPANY