UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LM GENERAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:21-CV-0799-JAR |
| vs. ) | |
| ) | |
| BRENDA JAKUBCZAK, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for summary judgment in this declaratory judgment action involving the interpretation of auto insurance policies. For the reasons set forth below, the motion will be granted.

### BACKGROUND

Samuel Jakubczak was killed in a motorcycle accident on July 3, 2020. The driver of the other vehicle carried auto insurance providing liability coverage capped at $100,000 for bodily injury. At the time of the accident, Jakubczak lived with his parents and grandmother (Defendants), who carried auto insurance policies issued by Plaintiff for themselves and their own vehicles, each policy providing $250,000 for underinsured motorist (UIM) coverage. Jakubczak carried motorcycle insurance through a different company. Three months before the accident, Jakubczak had traded in his 2018 Kawasaki Ninja for a 2019 model. Though dealership records document the sale, financing, and an application for title and license, Jakubczak died before he received title to the new model. In the interim, he had affixed his old license plate to the new motorcycle.

As relevant here, Defendants' insurance policies issued by Plaintiff state the following:

INSURING AGREEMENT

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

    1. Sustained by an "insured"; and

    2. Caused by an accident.
    * * *

B. "Insured" as used in this endorsement means:

    1. You or any "family member".

Doc. 1-3 at p. 37.

DEFINITIONS

F. "Family member" means a person related to you by blood, marriage, or adoption who is a resident of your household.

Doc. 1-3 at p. 8.

EXCLUSIONS

A. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained: […]

2. By an "insured" while "occupying" … any motor vehicle owned by that "insured" which is not insured for this coverage under this policy.

Doc. 1-3 at p. 38.

The parties do not dispute that, as a family member in Defendants' household, Jakubczak was an "insured" under the policies, nor do they dispute that he was "occupying" his motorcycle at the time of the accident. Centrally, Defendants assert that the exclusionary clause is ambiguous and subject to competing interpretations as to whether it applies only to *named* insured's non-covered vehicles or also to vehicles owned by named insureds' family members. Additionally, Defendants contend that a factual dispute exists as to whether Jakubczak actually owned the 2019 motorcycle at the time of the accident given that his title application was still pending.

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts must view facts in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The non-moving party may not rely on allegations or denials but must substantiate its allegations with sufficient probative evidence that would permit a finding in its favor on more than mere speculation or conjecture. *Ball v. City of Lincoln, Nebraska*, 870 F.3d 722, 727 (8th Cir. 2017). Even if some factual dispute exists, if the evidence, taken as a whole, is so one-sided that a fair-minded trier of fact could not find for the non-moving party, then there is no genuine issue for trial, and the movant is entitled to summary judgment. *Id*.

"Insurance policies are read as a whole, and the risk insured against is made up of both the general insuring agreement as well as the exclusions and definitions." *Todd v. Missouri United Sch. Ins. Council*, 223 S.W.3d 156, 163 (Mo. 2007). In construing the terms of an insurance policy, Missouri courts apply the meaning an ordinary person of average understanding would attach if purchasing insurance and resolve ambiguities in favor of the insured. *Dutton v. Am. Family Mut. Ins. Co.*, 454 S.W.3d 319, 322 (Mo. 2015). If the policy

language is unambiguous, it must be enforced as written. *Floyd–Tunnell v. Shelter Mut.*, 439 S.W.3d 215, 217 (Mo. 2014).

Ambiguities arise when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy and it is reasonably open to different constructions. *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. 2010). Ambiguous language must be construed against the insurer, particularly when a grant of coverage is followed by provisions limiting or avoiding liability. *Rice v. Shelter Mut. Ins. Co.*, 301 S.W.3d 43, 47 (Mo. 2009). However, "[d]efinitions, exclusions, conditions and endorsements are necessary provisions in insurance policies. If they are clear and unambiguous within the context of the policy as a whole, [then] they are enforceable." *Todd*, 223 S.W.3d at 163.

Finally, the insured bears the burden of proving coverage under the policy, and the insurer bears the burden of providing any exclusion to coverage. *Am. Family Mut. Ins. Co. v. Sharon*, 596 S.W.3d 135, 143 (Mo. App. W.D. 2020).

**Analysis**

In support of its motion for summary judgment, Plaintiff asserts that the exclusionary clause bars coverage on the present facts because, tracking the policy language excerpted above, the "insured" (Jakubczak) sustained bodily injury while occupying a vehicle (the motorcycle) owned by *that* insured (Jakubczak), which vehicle was not insured for coverage under the policies. Defendants counter that the language is ambiguous as to whether the exclusion applies only to named insureds or also to family members and that this ambiguity should be construed in their favor.

The Court finds that the language in question is unambiguous and clearly excludes coverage on the present facts in that Jakubczak's motorcycle was not insured under Defendants'

4

policies. Jakubczak had separate insurance through another carrier. The plain language of the UIM endorsement makes no distinction between named insureds and family members. Moreover, Defendants correctly admit in their pleadings that Jakubczak is indeed an "insured." (Doc. 23 ¶ 55). A court must not "unreasonably distort the language of a policy or exercise inventive powers for the purpose of creating an ambiguity when none exists." *Todd*, 223 S.W.3d at 163.

Likewise, Defendants' contention that a factual dispute exists as to whether Jakubczak "owned" the 2019 motorcycle at the time of the accident is unpersuasive. Ample evidence in the record confirms Jakubczak's ownership – dealership paperwork, a bill of sale and buyer's order reflecting the trade-in, financing and lien documentation, and a Missouri Department of Revenue application for title and license and corresponding notice of sale – all naming Jakubczak as the purchaser and owner of the 2019 motorcycle. (Doc. 19-3). On this record, the mere fact that Jakubczak had not yet received a state-issued certificate of title at the time of the accident is insufficient to give rise to a triable issue.[1] A party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1029 (8th Cir. 2000). The Court finds no real doubt here. The evidence confirms Jakubczak's ownership of the 2019 motorcycle, and no reasonable jury could find otherwise on this record.

---

[1] Moreover, Jackubczak's title application, dated April 20, 2020, coincided with the beginning of the COVID-19 global pandemic, when many state services were delayed by limited operations. The Missouri Department of Revenue extended April 2020 registration deadlines for 60 days. *Motor Vehicle: FAQs Related to COVID-19 Extensions*, https://dor.mo.gov/faq/covid-19/motor-vehicle.html (last visited December 5, 2022). The accident occurred prior to the expiration of Jacubczak's deadline to register the vehicle.

5

**CONCLUSION**

The Court does not ignore the tragedy of this case. As a matter of law, however, the UIM exclusion plainly and unambiguously bars coverage on the present facts. Further, the evidence taken as a whole does not invite a genuine factual dispute as to whether Jakubczak owned the motorcycle he was riding at the time of the accident.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment is **GRANTED**. (Doc. 18).

A separate Judgment will accompany this Memorandum and Order.

Dated this 6th day of December 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE